IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DARYL A. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:16-cv-753 (LMB/JFA) |
| | ) |
| THE CENTECH GROUP, et al., | ) |
| | ) |
| Defendants. | |

ORDER

Before the Court is pro se plaintiff Daryl A. Green's Complaint [Dkt. No. 1],[1] in which he raises nine counts against The Centech Group, Fernando V. Galaviz, and Karen Strawbridge (collectively "defendants"). Count I alleges discrimination in violation of 42 U.S.C. § 1981; Count II alleges discrimination in violation of 42 U.S.C. § 2000e; Count III alleges intentional infliction of emotional distress; Count IV alleges reprisal for engaging in protected activities; Count V alleges a hostile and abusive working environment; Count VI alleges quid pro quo harassment; Count VII alleges breach of contract; Count VIII alleges "defamation/libel"; and an unnumbered count alleges civil Racketeering Influenced and Corrupt Organizations Act ("RICO") claims. In

---

[1] In addition to his complaint, plaintiff filed an Application to Proceed for Leave to Proceed In Forma Pauperis (IFP) [Dkt. No. 2], which was granted on July 5, 2016. Order [Dkt. No. 4]. As the Supreme Court has explained,

> [Section] 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, inter alia, that he is unable to pay the costs of the lawsuit. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

Neitzke v. Williams, 490 U.S. 319, 324 (1989).

addition, pending before the Court are defendants' Motion for Sanctions Pursuant to Rule 11 [Dkt. No. 31], in which they allege that defendant violated Rule 11 by filing a complaint that has no basis in law or fact and request $10,000 in attorney's fees and costs as a sanction, and defendants' Replacement Motion for Summary Judgment [Dkt. No. 26], in which they argue that the complaint does not plead a valid cause of action and that no discovery is warranted.

Under 28 U.S.C. § 1915(e), "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C.A. § 1915(e)(2)(B)) (applying § 1915(e) to non-prisoner in forma pauperis filings). As the Supreme Court has explained, there are "few more appropriate occasions for use of a court's discretion than one in which a litigant, asking that the public pay costs of his litigation, either carelessly or willfully and stubbornly endeavors to saddle the public with wholly uncalled-for expense." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 337 (1948). Accordingly, "the court may monitor the action to the end of avoiding or minimizing abusive prosecutions of civil suits in forma pauperis by indigent litigants who seek to exploit or abuse the generous purposes of the enabling statute." Hawkins v. Elliott, 385 F. Supp. 354, 356–57 (D.S.C. 1974).

Section 1915(e), "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Indeed, when evaluating a complaint under § 1915(e), "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992). To pass muster under § 1915(e), a pro se complaint "must present more

than naked allegations," Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994), and a pro se complaint will be deemed "frivolous" under § 1915(e) if its factual allegations or legal conclusions "lack[] an arguable basis either in law or fact." Neitzke, 490 U.S. at 325.

Although a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), "even a pro se plaintiff must clear the modest hurdle of stating a plausible claim showing entitlement to relief." Young v. CitiMortgage, Inc., No. 5:12-cv-79, 2013 WL 3336750, at *12 (W.D. Va. July 2, 2013) (order adopting report and recommendation). Moreover, the "special judicial solicitude with which a district court should view . . . pro se [filings] does not transform the court into an advocate." United States v. Wilson, 699 F.3d 789, 797 (4th Cir. 2012) (alterations in original) (internal quotation marks omitted). Indeed, "a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990) (internal quotation marks omitted). Rather, "[a] claim may be dismissed sua sponte if the allegations are found to be 'fanciful,' 'fantastic,' or 'delusional' or if they rise to the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33.

Plaintiff alleges that he was employed by the Centech Group to work at the U.S. Marshal Service headquarters in Crystal City, Virginia. Compl. ¶ 5. Plaintiff contends that during the course of his employment the Centech Group and its employees discriminated against him because of his race and retaliated against him by terminating him after he filed complaints about the discrimination he allegedly experienced and because he participated as a witness in another employee's sexual harassment complaint. Id. ¶ 1. Although the complaint describes several interactions between plaintiff and defendant Karen Strawbridge, plaintiff's direct supervisor, there

are no factual allegations in the complaint that suggest plaintiff ever had any direct interactions with defendant Fernando V. Galaviz, who is the CEO of the Centech Group.

Counts II, IV, V, and VI are premised on legal theories that require as a predicate the existence of an employment relationship between plaintiff and defendants. Walters v. Metro. Educ. Enterprises, Inc., 519 U.S. 202, 205 (1997). As found by the EEOC when it closed plaintiff's administrative claim and issued a right to sue letter, "[n]o employee employer relation" existed. Compl., Ex. A. This conclusion is fully supported by the documents filed in this civil action. The contract under which plaintiff provided services to the Centech Group was between Genesis Information Management, Inc. ("GIM"), of which plaintiff is president, and defendant the Centech Group, not between the plaintiff and defendants. Am. Mot. for Summ. J., Ex. A (Agreement) [Dkt. No. 26]. Indeed, plaintiff signed the agreement on behalf of GIM—not in his individual capacity, but as president of GIM. Id. at 6. In addition, the contract explicitly stipulated that GIM "shall render all services as an independent contractor and shall not be an employee, partner, agent or joint venture of [the Centech Group]," shall not be entitled to any benefits, and that GIM "shall be solely responsible for the direction and control of the employees, workers, agents, or servants of [GIM], including [their] selection, hiring, firing, supervising, directing, training, setting wages, hours and working conditions and paying and adjusting grievances." Id. at 1. Furthermore, the agreement explicitly declares that the Centech Group would neither "withhold nor pay any amounts for FICA, federal, state or municipal income tax, social security, unemployment or worker's compensation" on behalf of GIM or for any of GIM's employees. Id. at 3.

Because "Title VII protects only employees, and not independent contractors," Atkins v. Computer Scis. Corp., 264 F. Supp. 2d 404, 408 (E.D. Va. 2003), Green's allegation that "he was employed with The Centech Group, Inc.," Compl. ¶ 5, has no arguable basis in fact, and for that

reason, his employment discrimination counts have no arguable basis in law and will be dismissed under § 1915(e).

Counts I and VII require the existence of a valid contract between the plaintiff and defendants. See, e.g., Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018 (4th Cir. 1999). For the reasons discussed above, there is no evidence that defendants ever entered into a contract with Green in his individual capacity; rather, Green signed the contract on behalf of GIM in his role as its president. Accordingly, there is no arguable basis in fact for these counts and they will be dismissed as frivolous under § 1915(e).

Count III requires allegations of "conduct [that is] so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Russo v. White, 241 Va. 23, 27, 400 S.E.2d 160, 162 (1991) (internal quotation marks omitted). There are no allegations in the complaint that would provide an arguable basis for the legal theory of intentional infliction of emotional distress, which is particularly disfavored in Virginia and thus subject to more stringent standards of proof. Almy v. Grisham, 273 Va. 68, 77 (2007). Accordingly, this count will be dismissed as frivolous under § 1915(e).

Count VIII attempts to raise a claim for libel; however, plaintiff fails to meet the threshold requirement of identifying a specific defamatory statement. Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1092 (4th Cir. 1993); see also Schaecher v. Bouffault, 290 Va. 83, 93, 772 S.E.2d 589, 595 (2015) (explaining that the specific words of an allegedly actionable statement must be examined, and that the statement must be considered in context). As such, this count fails to present an arguable basis in law and will be dismissed pursuant to § 1915(e).

Finally, with respect to the complaint's unnumbered civil RICO claim, plaintiff fails to

identify any of the elements to support such a legal theory. Namely, plaintiff fails to identify an enterprise, wrongdoers, or predicate acts that would support a claim under civil RICO. Deutsch v. U.S. Dep't of Justice, 881 F. Supp. 49, 54 (D.D.C. 1995), aff'd sub nom. Deutsch v. Dep't of Justice, 93 F.3d 986 (D.C. Cir. 1996) (dismissing RICO claims under § 1915 because plaintiff's invocation of the statute "appear[s] to have been part of a shot-gun approach employed by the [p]laintiff in the instant case."). Because this count has no arguable basis in either fact or law, it must be dismissed pursuant to § 1915.

For these reasons, it is hereby

ORDERED that the complaint be and is DISMISSED WITH PREJUDICE; and it is further

ORDERED that defendants' Motion for Sanctions Pursuant to Rule 11 [Dkt. No. 31] be and is DENIED because defendants have not adduced sufficient evidence that plaintiff acted with an improper purpose; and it is further

ORDERED that defendants' Replacement Motion for Summary Judgment [Dkt. No. 26] be and is DENIED AS MOOT.

To appeal this decision, plaintiff must file a written Notice of Appeal with the Clerk of Court within thirty (30) days of the date of the entry of this Order. A written Notice of Appeal is a short statement stating a desire to appeal an order and noting the date of the order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court. Failure to file a timely Notice of Appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record and to plaintiff pro se.

Entered this 25 day of August, 2016.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge